HOPKINS *v.* MICHIGAN TRACTION CO.

CARRIERS—STREET RAILWAYS — NEGLIGENCE — INJURIES TO PASSENGERS—ACTION—DECLARATION—SUFFICIENCY.

A declaration alleging that defendant street railway company negligently permitted a live electric wire resembling a rope to be suspended from the roof of the car upon which plaintiff was a passenger, and at the rear platform thereof, and that, believing such wire to be a rope, plaintiff's hand came in contact therewith, that he received a shock of electricity "and was unable to release his hands from contact with the wire until relieved by the power being shut off," and that, without any fault or negligence on his part, he was injured, etc., is sufficient to support a judgment based thereon, though his reason for grasping the wire is not stated.

Certiorari to Kalamazoo; Adams, J. Submitted April 23, 1906. (Calendar No. 21,747½.) Decided June 4, 1906.

Case by Rollin H. Hopkins against the Michigan Traction Company for personal injuries. There was an order overruling a demurrer to the declaration, and defendant brings certiorari. Affirmed.

Plaintiff filed a declaration alleging that he was a passenger on the defendant company's road on July 21, 1905, at 8 o'clock p. m.; that the car was crowded; that he was compelled to stand upon the rear platform; that the defendant "caused to be left suspended a live electric wire from the roof or ceiling of the car in a manner and at a place where passengers standing on the rear platform, as plaintiff was, would easily come in contact therewith; and that the wire suspended as aforesaid, appeared and looked very much like the rope which is ordinarily and commonly suspended by the defendant on its motor cars for the purpose of raising and lowering the trolley arm on said cars, and, believing the wire aforesaid to be a rope, the plaintiff's hand came in contact therewith, and without any fault or negligence on his part, and without contributing in any way thereto, he received, suffered, and sustained a severe shock," etc. The declaration further alleges that this wire so suspended was used to transmit electrical power from the motor car to a trailer, when one was attached, for the purpose of illuminating the trailer, but that at the time of the accident there was no trailer. A second count sets forth substantially the same facts, and alleges that the defendant, through some of its employés, had left said wire "carelessly and negligently hung in a position so that the plaintiff, without any fault or negligence on his part, came in contact therewith, and that, upon coming in contact therewith, he received a shock of electricity, and was unable to release his hands from contact therewith until relieved by the power being shut off."

To this declaration the defendant demurred. The cause of the demurrer relied upon is that the declaration does not allege with sufficient certainty or definiteness how or why plaintiff came in contact with the wire, and that it practically avers that plaintiff came in contact with the wire voluntarily and without any necessity or occasion so to do, and as a trespasser. The demurrer was overruled, and the decision of the court is brought to this

court for review under Act No. 310, Pub. Acts 1905, which provides:

"Whenever in any action at law in a circuit court a motion to quash the writ or declaration upon jurisdictional grounds, or the issues raised on a demurrer, plea to the jurisdiction or other dilatory plea shall be decided adversely to the party filing such motion, demurrer or plea, the decision may be reviewed by writ of certiorari forthwith," etc.

*Howard & Howard,* for appellant.

*Alfred J. Mills,* for appellee.

GRANT, J. (*after stating the facts*).   The declaration alleges that the defendant was guilty of negligence in permitting this live wire to hang from the roof of the car; that while standing upon the platform, on account of the crowded condition of the car, he came in contact with it, without any negligence on his part.   Evidently he took hold of it with his hand—but why the declaration does not allege.   If he had good reasons for taking hold of it, he was not guilty of contributory negligence.   If he had no occasion to touch the wire, and did it out of curiosity or voluntarily, without any necessity therefor, he would be guilty of contributory negligence.   The liability depends upon the proofs.

We think the declaration is sufficient to support a judgment based thereon.

The decision is therefore affirmed.

MCALVAY, BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.